### PHALEN *v.* CITY OF DETROIT.

PLEADING—AMENDMENTS — SIDEWALKS — DEFECTS — LIABILITY OF CITY.

\*1.  Where a declaration fails to allege that a notice, required by the charter of a city, was served upon the city, it is competent to permit an amendment to the declaration alleging that fact.   It is not an introduction of a new cause of action.

2.  Where the statute requires municipalities to keep their sidewalks in reasonable repair, and in condition reasonably safe and fit for travel, it is error to instruct the jury that the municipality is required to keep its sidewalks in good repair, and safe and convenient for public travel.

Error to Wayne; Donovan, J.   Submitted April 17, 1901.   Decided May 21, 1901.

\* Head-notes by GRANT, J.

Case by Christiannah Phalen against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*P. J. M. Hally* and *Charles E. Love* (*Timothy E. Tarsney*, of counsel), for appellant.

*Lewis A. Stoneman* (*Arthur Webster*, of counsel), for appellee.

GRANT, J. Plaintiff recovered a verdict and judgment for injuries resulting from a fall upon a defective sidewalk. The declaration did not allege the notice served upon the law department of the city, as the charter requires. When proof of the service of notice was tendered, counsel for defendant objected because it was not alleged in the declaration. Careful pleading would require the allegation in the declaration that the notice required by the charter, and the failure to give which is made a complete defense to the suit, was given. Whether it is absolutely essential we need not determine. The court ordered an amendment to the declaration, and the trial evidently proceeded upon the theory that the amendment was made. This was within the power of the court, and did not introduce a new cause of action.

The court instructed the jury:

" The plaintiff claims to have been injured while walking on a sidewalk in the city of Detroit. Under the law of this State, it is necessary that the defendant (that is, the city) should keep its sidewalks in good repair, so that they shall be safe' and convenient for public travel at all times; and if the defendant fails to keep its sidewalks in good repair, and on account of that negligence an injury happened, then the city would be liable to the person so injured, provided the city had notice of the defective condition."

This instruction was taken substantially from the law as it existed under Act No. 244, Pub. Acts 1879, § 4. The law was subsequently amended, and now requires that townships, etc., shall keep their sidewalks, etc., in reason-

able repair, and in condition reasonably safe and fit for travel. 1 Comp. Laws 1897, § 3443. The instruction would undoubtedly have been proper under the former law, but was not under the present law. The legislature, in changing the law, evidently recognized that there was a distinction between "good repair" and "reasonable repair," and between a "condition safe and fit for travel" and one "reasonably safe and fit for travel."

Reversed, and new trial ordered.

The other Justices concurred.